AMMONS *v.* BRITT.

---

FLORA DALE R. AMMONS AND CARLTON E. AMMONS, ADMINISTRATORS OF GWENDOLYN FAYE AMMONS, DECEASED v. MARY WADDELL BRITT.

(Filed 14 June 1963.)

**Appeal and Error § 41—**

    Where a witness testifies without challenge or impeachment as to what the witness heard another witness testify on a former trial, the exclusion of the transcript of the testimony on the former trial to the same tenor cannot be prejudicial, since the transcript could add nothing under the circumstances except by way of corroboration.

APPEAL by plaintiffs from *Bickett, J.,* August, 1962 Term, ROBESON Superior Court.

Plaintiffs instituted this civil action to recover damages for the alleged wrongful death of their daughter, age six years. The evidence offered at the trial was substantially as outlined by this Court on the former appeal which is reported in 256 N.C. 248, with this one exception: Mrs. Britt, the defendant, did not testify in the case now before us.

At the conclusion of the evidence the court overruled motions to nonsuit and submitted issues of negligence and damages. The jury answered the issue of negligence in favor of the defendant. From the judgment dismissing the action, the plaintiffs appealed.

*Varser, McIntyre & Hedgpeth by Ingram P. Hedgpeth.*
*Hackett & Weinstein by Robert Weinstein for plaintiffs, appellants.*
*Johnson, Biggs & Britt by I. M. Biggs for defendant appellee.*

PER CURIAM. The single assignment of error on the basis of which the plaintiffs request a new trial involves the court's refusal to admit in evidence what "purported" to be the transcript of Mrs. Britt's testimony at the former trial. The record as offered consists of nine pages of questions and answers. The authentication as a court record leaves much to be desired. With the exception of a few lines hereafter quoted, all the remainder might well have been excluded as immaterial. The pertinent part of the record is here quoted:

    "A. I was going down Carolina Avenue south and it happened so quick. I didn't see the child in front of me until I was right at her, I tried to turn but was too late. I didn't see her until she was right in front of the car, and that's the reason I pulled off to the other side. . . .

"Q.   Will you state whether or not the child was running, walking or standing still when you first saw her?

"A.   It happened so quick, I can't say. It happened so quick I didn't see the child until she was right in front of the car. . . .

"Q.   How fast were you driving?

"A.   I think about thirty-five."

Prior to the time the plaintiff offered and the court excluded the transcript, Mrs. Ammons, one of the plaintiffs, had testified: "I heard Mrs. Britt say at the last term of court in regard to seeing my child on the day she was injured that it happened so fast she don't know how it happened; that she was right in front of her, don't know how it happened; that when she saw her she was right in front of her. . . . I heard Mrs. Britt make a statement as to the speed she was driving at the time. She said about 35 miles an hour."

The plaintiffs, through the testimony of Mrs. Ammons, had the full benefit of Mrs. Britt's admissions against interest made at the former trial. No attempt by cross-examination, or otherwise, was made to challenge or impeach the testimony of Mrs. Ammons. Hence the transcript added nothing except corroboration to the testimony of Mrs. Ammons. The transcript, if admitted, would merely have added an accumulation of admissions already in. The exclusion, therefore, was nonprejudicial.

No doubt the plaintiff lost the case because of the testimony of the disinterested eye-witness Walters. His evidence in the present record was substantially as recited in the former decision. The record fails to disclose any valid reason in law why the verdict and judgment should be disturbed, or that another trial might produce a different result.

No error.